BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
MARK AVEIS (Cal. Bar No. 107881)
NEIL THAKOR (Cal. Bar No. 308743)
Assistant United States Attorneys
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4477/6595
     Facsimile: (213) 894-6269
     E-mail:   mark.aveis@usdoj.gov
               neil.thakor@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
9/15/25
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MR___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-MJ-3504-DUTY |
|---|---|
| Plaintiff, | [PROPOSED] ORDER FINDING EXCLUDABLE TIME AND CONTINUING FILING DATE FOR INFORMATION OR INDICTMENT PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| DAVID JOSE HUERTA, | |
| Defendant. | [No hearing set] |

The Court has read and considered the third stipulation For Excludable Time For Filing Of Information Or Indictment Pursuant To Speedy Trial Act (the "Stipulation"), signed by the parties' counsel and defendant on September 12, 2025, and filed in this matter on September 15, 2025.

The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the deadline to file an indictment or information and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the return of an indictment or filing of an information within the original thirty-day period; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant adequate representation and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The date that any indictment or information in this matter must be filed pursuant to 18 U.S.C. § 3161(b) is continued from September 19, 2025 to October 17, 2025.

2. The time period of September 19, 2025 to October 17, 2025, inclusive, is excluded in computing the time within which an information or indictment must be filed, pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (B)(iii), and (B)(iv).

3. As represented in the Stipulation as a condition of the Stipulation, it is further ordered that the government shall produce additional discovery, including witness statements, by September 19, 2025.

4. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of

additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

September 15, 2025
DATE

HONORABLE PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

Presented by:

/s/
Mark Aveis
Assistant United States Attorney

3